**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 25-cv-506-DDD-KAS

**LAURA VOEPEL,**

Plaintiff,

v.

**REUBEN CREWS,** COLORADO SPRINGS POLICE DEPARTMENT SERGEANT;
**MATTHEW ANDERSON,** COLORADO SPRINGS POLICE DEPARTMENT OFFICER;
**TIMOTHY HOCKERSMITH,** COLORADO SPRINGS POLICE DEPARTMENT OFFICER;
**PETER MANDRY,** COLORADO SPRINGS POLICE DEPARTMENT OFFICER; AND
**REBECCA JOINS,** COLORADO SPRINGS POLICE DEPARTMENT DETECTIVE,

Defendants.

## RESPONSE TO MOTION TO DISMISS

Plaintiff, Laura Voepel, by and through her counsel, Jason M. Kosloski of KOSLOSKI LAW, PLLC, respectfully responds to the Defendants' Motion to Dismiss (ECF No. 24):

### INTRODUCTION

This case arises from the unconstitutional search and seizure, arrest, and retaliation of Plaintiff by officers of the Colorado Springs Police Department. Defendants' Motion to Dismiss (ECF no. 24) seeks dismissal on three grounds: first, Defendants argue that Plaintiff's complaint should be dismissed because it was not timely filed; second, Defendants argue that Plaintiff's complaint should be dismissed because it is not adequately plead under F.R.C.P. 8; and finally, Defendants argue that Plaintiff's complaint should be dismissed because the Defendants are entitled to qualified immunity.

The Court should deny Defendants' motion on each ground.

1

## ARGUMENT

### I.  Standard of Review

There is a strong presumption against the dismissal of claims under Rule 12(b)(6). Cottrell Ltd. v. Biotrol Intern., Inc., 191 F.3d 1248, 1251 (10th Cir. 1999). In reviewing a motion to dismiss, "all well-pleaded factual allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party." Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006); See also Kerber v. Qwest Group Life Ins. Plan, 647 F.3d 950, 959 (10th Cir. 2011). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the complaint alone is legally sufficient to state a claim for which relief may be granted." Dubbs v. Head Start, Inc., 336 F.3d 1194, 1201 (10th Cir. 2003).

Generally, a complaint will survive a Rule 12(b)(6) motion if it contains "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); See Brown v. Montoya, 662 F.3d 1152, 1162-63 (10th Cir. 2011). "Plausible" does not mean "likely to be true," but is, instead, a nudge beyond "conceivable." See Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008). Thus, "a well pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Dias v. City & Cty. Of Denver, 567 F.3d 1169, 1178 (10th Cir. 2009).

### II.  The Court should not consider any document or video outside of the complaint in resolving Defendants' Motion to Dismiss.

"The court may consider evidence beyond the complaint without converting a motion to dismiss to one for summary judgment if the documents are central to the claims, referred to in the complaint, and if the parties do not dispute their authenticity." Correa v. Liberty Oilfield Services,

Inc., 548 F.Supp.3d 1069 (Dist. Colo. 20201) (citing City of Santa Fe v. Public Service Co. of New Mexico, 311 F.3d 1031 (10th Cir. 2002)).

Here, Defendants have presented three exhibits, none of which are incorporated into Plaintiffs' claims, central to Plaintiff's claims (in the sense that Plaintiff's claims are not about the documents themselves, as in Correa), or referred to in the complaint. Instead, Defendants present these exhibits and ask the Court make factual findings that they are "inconsistent" with Plaintiff's complaint. At the motion to dismiss stage "all well-pleaded factual allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party." Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006). Defendants ask the Court to weigh evidence outside of the allegations in the complaint. The Court should not accept this invitation. "The Tenth Circuit Court of Appeals urges caution whenever new documents are presented at the motion to dismiss stage, as 'dismissing a [p]laintiff's claim using evidence outside the pleadings 'is reversible error unless the dismissal can be justified without considering the outside materials.'" Total Quality Systems, Inc. v. Universal Synaptics Corporation, 679 F.Supp.3d 1196, 1210 (Dist. Utah 2023) (quoting GFF Corp v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997).

**III.     Plaintiff has properly pleaded that she is entitled to tolling under Colorado law.**

Plaintiff agrees that in a section 1983 action, state law governs the statute of limitations and tolling. See Braxton v. Zavaras, 614 F.3d 1156, 1159 (10th Cir. 2010). Plaintiff also agrees that under Colorado law, once a defendant asserts a statute-of-limitations defense, Plaintiff bears the burden of establishing that the statute should be tolled. Garrett v. Arrowhead Improvement Ass'n, 826 P.2d 850, 855 (Colo. 1992). Further, Plaintiff agrees that absent tolling, Plaintiff's complaint would be barred by the applicable statute of limitations.

3

Where the parties disagree is in whether Plaintiff is entitled to tolling. In the light most favorable to Plaintiff, Plaintiff *is* entitled to equitable tolling under the facts of this case.

"Statutes of limitations are enacted to promote justice, discourage unnecessary delay, and forestall prosecution of stale claims . . . at times, however, equity may require a tolling of the statutory period where flexibility is required to accomplish the goals of justice." Dean Witter Reynolds, Inc. v. Hartman, 911 P.2d 1094, 1096 (Colo. 1996). Equitable tolling is appropriate where "either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." Braxton v. Zavaras, 614 F.3d 1156, 1159 (10th Cir. 2010) (quoting Dean Witter Reynolds, Inc. v. Hartman, 911 P.2d 1094, 1099 (Colo. 1996)).

Defendants' position appears to be that the mental incompetency of a plaintiff may never be the sort of "extraordinary circumstance" that could entitled a Plaintiff to equitable tolling. However, the case that Defendants cite, Graham v. Teller Cnty., 632 F.App'x 461 (10th Cir. 2015) (not selected for publication) does not so hold. In Graham, the court found that the conditions the plaintiff alleged "(post-traumatic stress disorder, personality disorder, sleeplessness, and depression, among others)" did not rise to the level of pleading required to show entitlement to equitable tolling. Id., at 465.

Additionally, although Graham, 632 F.App'x. 461 at 465,, discussed the sort of cases that the Colorado Supreme Court has noted in other jurisdictions as justify equitable tolling (such as the enforcement of an unconstitutional statute or war), these are not the only sort of circumstances that potentially qualify for equitable tolling. For instance, in Russell-El v. United States, 198 F.3d 258, (10th Cir. 1999), the court upheld the denial of equitable tolling to a prisoner her failed to file their complaint within the statute of limitation, not because the circumstances were categorically ineligible

4

for equitable tolling, but "because [the plaintiff's] failure to return promptly to federal court following exhaustion of administrative remedies does not demonstrate diligent efforts to pursue his claims." See also Rosales v. Ortiz, 325 F'Appx. 695 (10th Cir. 2009) (again considering and rejecting a claim of equitable tolling for similar reasons). It is clear from this that, although the Colorado Supreme Court may have not had occasion to rule on the contours of equitable tolling, it is not a defunct doctrine only applicable in such extreme circumstances as wartime.

Graham should not be dispositive. Plaintiff alleges **much** more than the Graham plaintiff. Plaintiff has plead that three different doctors opined her incompetent to stand trial over a period spanning at least eighteen months (between July 2023 and November 2024). Plaintiff has plead that her condition deteriorated throughout the course of the time period to the point that in November, 2024 (the same time that the statute of limitations ran in this case), she had deteriorated to the point she "lack[ed] the capacity to make reasoned decisions about her case, continu[ed] to be extremely unlikely to be capable of testifying relevantly on her own behalf, and remain[ed] extremely likely to behave inappropriately and be disruptive in court" and that she was "not only 'incompetent to proceed' as that status is defined in Colorado law, but that **there is no substantial probability that she will be (or even could be) restored to competency in the foreseeable future**." (emphasis added).

Contrast this with the Graham plaintiff who alleged in conclusory fashion:

> Mr. Graham was unable to timely file this cause of action due to the fact he was psychologically unstable as a result of the assault, (2) he was hospitalized for several days; (3) he is psychologically, emotionally, or physically unable to deal with the assault; (4) he suffers from post-traumatic stress disorder, personality disorder, sleeplessness, and flashbacks; (5) he has difficulty maintaining employment and concentrating; and (6) he suffered from nightmares. Mr. Graham's treating psychiatrist asserts that (1) he diagnosed Mr. Graham as suffering from post-traumatic stress disorder, personality disorder, and major depression; and (2) Mr. Graham was disabled as a result of the

>  post-traumatic stress disorder, personality disorder, and major depression and is unable to make legal decisions.
>
>  Graham, 632 Fed. Appx., at 464.

Although Plaintiff also alleges post-traumatic stress disorder and major depressive disorder as part of the facts giving rise to Plaintiff's entitlement to equitable tolling, Plaintiff's complaint alleges a starkly different posture than was present in Graham. In the light most favorable to Plaintiff, Plaintiff spent the period of the statute of limitations in this case in a state where she did not have "the capacity to make reasoned decisions about her case" with "no substantial probability that she . . . could be[] restored to competency in the foreseeable future."

Finally, because "flexibility is required to accomplish the goals of justice," the Court should balance Plaintiff's interest in pursuing her claim against the prejudice that Defendants may suffer from a three-month delay. Defendants have not alleged any prejudice in the Court granting equitable tolling. Plaintiff contends that there is no prejudice. Plaintiff's complaint was filed just under three months after the running of the statute of limitations. Many (if not all) of the events giving rise to Plaintiff's complaint are captured on video. There are very few witnesses whose memory might fade. On the other hand, in the light most favorable to Plaintiff, it is difficult to imagine how Plaintiff could have brought this case within the statute of limitations as she was "not only incompetent to proceed" but so direly incompetent it appeared she would never again be restored to competence for most of, it not all, of the statute of limitations period. A mechanistic application of the statute of limitations would not accomplish the goals of justice.

Ultimately, the touchstone of equitable tolling is the reasoning "that it is unfair the penalize the plaintiff for circumstances outside his or her control, so long as the plaintiff makes good faith

6

efforts to pursue the claims when possible." Dean Witter, 911 P.2d at 1097. Here, Plaintiff was unable to pursue her claims because she "did not have the capacity to make reasoned decisions about her case" while the statute of limitations period was active. Shortly after the period ended, Plaintiff made "a good faith effort[] to pursue [her] claims when possible." Id. Penalizing Plaintiff for a few months of delay under these circumstances would "unfair[ly] penalize [Plaintiff] for circumstances outside of her control. Id.

**IV. Plaintiff has properly plead a complaint that gives the Defendants fair notice of the claims against them.**

Defendants next claim that Plaintiff's complaint should be dismissed because it does not give them notice of what they are accused of doing. However, Plaintiff's complaint *does* give each defendant fair notice of what they are accused of doing. Plaintiff does not simply allege a barebones and conclusory complaint. Rather, Plaintiff has filed a twenty-one-page complaint with nearly eight full pages dedicated to describing the circumstances that give rise to her complaint. A section 1983 case does not have a heightened pleading standard – courts apply "the same standard in evaluating dismissals in qualified immunity cases as to dismissals generally." Robbins v. Oklahoma, 519 F.3d 1242, 1249 (10th Cir. 2008).

Defendants focus on two areas of perceived deficiency – that Plaintiff's allegation of a search could "encompass a wide swath of conduct, much of it innocent" and that Plaintiff's "complaint does not explain how [Defendants Crews and Hockersmith] knew that no warrant was issued and that consent was revoked."

7

Regarding the first issue, even assuming the "search" was a "protective sweep,"[1] it does not automatically make it reasonable under the Fourth Amendment or the Colorado Constitution. "Police are permitted to search a premises without judicial pre-authorization when they reasonably believe, on the basis of articulable facts, that they face an imminent threat to their personal safety or that the safety of third parties is imminently threatened." Fishbein ex rel. Fishbein v. City of Glenwood Springs, 469 F.3d 957, 961 (10th Cir. 2006) (citing Maryland v. Buie, 494 U.S. 325, 327 (1990)). Here, Plaintiff has alleged that prior to the search (whether a "search" or "protective sweep search") that Plaintiff's son was in custody and Plaintiff had no knowledge of anything her son had done. Plaintiff alleges that Defendants "started looking to see if they could find where [Plaintiff's son] lived" which ultimately brought them to Plaintiff's home. In the light most favorable to Plaintiff, Plaintiff has plausibly alleged a situation where there would be no reasonable belief that anyone's safety was in danger. Therefore, in the light most favorable to Plaintiff, even a "protective sweep" was not permitted.

Regarding the second issue, Defendants cite no law that would require Plaintiff's complaint to "explain how [Defendants Crews and Hockersmith] knew that no warrant was issued and that consent was revoked." In reviewing a motion to dismiss, "all well-pleaded factual allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party." Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006). Plaintiff has alleged that Defendants Crews and Hockersmith were aware "there was no warrant to search [Plaintiff's] home, and that [Plaintiff] had revoked consent for any law enforcement officer to be in her home. At the motion-to-dismiss stage, the Court must accept these as true and, in the light most favorable to Plaintiff. Under this

---

[1] A distinction without a difference because "A protective sweep is a . . . search of a residence . . . ." Fishbein ex rel. Fishbein v. City of Glenwood Springs, 469 F.3d 957, 961 (10th Cir. 2006)

8

standard, the complaint clearly provides notice to Defendants Crews and Hockersmith what they are accused of doing.

Taken together, Plaintiff's detailed factual allegations provide fair notice of the specific conduct attributed to each defendant, and plausibly state constitutional claims. Nothing more is required at the pleading stage.

### V.     Defendants are not entitled to qualified immunity

Defendants finally argue that they are entitled to qualified immunity at the motion to dismiss stage. They are not. Additionally, even if the Court grants qualified immunity on Plaintiff's federal claims, Defendants are not entitled to any form of immunity, including qualified immunity, regarding Plaintiff's Colorado state-law claims.

> *i.      The search of Plaintiff's home was not justified to secure the premises while awaiting a search warrant.*

The Fourth Amendment prohibits unreasonable searches by government agents. U.S. Const. Amend. IV. "[S]earches and seizures inside a home without a warrant are presumptively unreasonable." Brigham City v. Stuart, 547 U.S. 398, 403 (2006) (quoting Groh v. Ramirez, 540 U.S. 551, 559 (2004). "When it comes to the Fourth Amendment, the home is first among equals. At the Amendment's very core stands the right of a man to retreat from his own home and there be free from unreasonable governmental intrusion." Collins v. Virginia, 584 U.S. 586, 592 (2018); see also United States v. Song Ja Cha, 597 F.3d 995, 1002 (9th Cir. 2010) ("A man's house is his castle, whether it is under siege by police officers prying into his possessions stored within or whether they exclude him from its sanctuary."). "The Fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant." Payton v. New York, 445 U.S. 573 (1980).

Defendants initial entry into Plaintiff's home was based on consent. A police entry into the home may also be constitutional because it is consensual. Cortez v. McCauley, 478 F.3d 1108, 1115 (10th Cir. 2007). However, a consensual entry by police becomes a search as soon as consent is withdrawn. Manzanares, 575 F.3d at 1143. Defendants attempt to justify their continued entry and search of Plaintiff's home because they were securing the home to obtain a search warrant.

"[A] police officer armed with probable cause to believe a home contains evidence of a serious crime that might otherwise be destroyed may lawfully secure the home and restrict entry while waiting for an assisting officer to diligently procure a search warrant." United States v. Shrum, 908 F.3d 1219, 1231 (10th Cir. 2018). However, "even when a felony has been committed and there is probable cause to believe that incriminating evidence will be found within a home, police may not enter without a warrant absent extraordinary circumstances." Manzanares v. Higdon, 575 F.3d 1135, 1142-43 (10th Cir. 2009) (quoting Groh, 540 U.S. at 559).

Defendants' claim of exigent circumstances fails on multiple fronts.

First, in the light most favorable to Plaintiff, there was not "probable cause to believe that [Plaintiff's] home contained evidence of a crime." Plaintiff's complaint alleges that Plaintiff's son "had left and committed a horrific shooting at Club Q in Colorado Springs. [Plaintiff's son] was in custody after the shooting," that Plaintiff had no knowledge of her son's actions, that Defendants went to Plaintiff's home simply because it was where Plaintiff reportedly lived. In the light most favorable to the Plaintiff, there is nothing to suggest that Defendants had probable cause to believe that Plaintiff's home contained evidence of a crime. Further, and importantly, the "legality of a seizure [or search] turns on the facts and circumstances known to the police at the time of the seizure [or search] rather than on facts and circumstances subsequently discovered." United States v. Shrum, 908 F.3d 1219 (citing United States v. Cantu, 405 F.3d 1173, 1178 (10th Cir. 2005)); see also

10

Wong Sun, 371 U.S. at 484 (recognizing that the Supreme Corut has "consistently rejected" the proposition "that a search unlawful at its inception may be validated by what it turns up").

Secondly, in the light most favorable to the Plaintiff, there was not "good reason to fear the destruction of [whatever] evidence before the warrant's arrival." United States v. Elmore, 101 F.4th 1210, 1217 (10th Cir. 2024). Plaintiff has alleged that she had no knowledge of her son's activities. In the light most favorable to Plaintiff, this is nothing like McArthur, where the police restricted a man from going into his home to prevent him from disposing of his drugs. Here, even if Defendants had probable cause to believe that there was some evidence of a crime inside Plaintiff's home (which in the light most favorable to Plaintiff they did not), there is nothing at all to suggest any "good reason to fear" its destruction necessary to secure the home.

ii. Defendants did unlawfully seize Plaintiff

Defendants claim that they had probable cause to arrest Plaintiff for disorderly conduct. In the light most favorable to Plaintiff, there was not probable cause and therefore Defendants are not entitled to qualified immunity.

Under Colorado law, disorderly conduct is committed when "A person . . . intentionally, knowingly, or recklessly: (c) Makes unreasonable noise in a public place or near a private residence that he has no right to occupy." CRS 18-9-106. Here, in the light most favorable to Plaintiff, the noise she made by yelling and protesting Defendants' unconstitutional actions was not unreasonable. Defendants claim that they had probable cause because one of Plaintiff's neighbors complained that Plaintiff's yelling had awoken the neighbor's niece. However, a noise does not become *per se* unreasonable simply because another person complains about it. The disorderly conduct statute "prohibit[s] . . . the use of the human voice to disturb others when there is no substantial effort to communicate or when the seeming communication is used as a guise to accomplish disruption."

11

People v. Fitzgerald, 573 P.2d 100, 104 (Colo. 1978). "When the word 'noise' in the statute is properly construed consistent with the First Amendment and traditional views, it encompasses communication made in a loud manner only when there is a clear and present danger of violence or where the communication is not intended as such but is merely a guise to disturb persons." Id. Here, in the light most favorable to Plaintiff, she was loudly communicating and protesting the ongoing violation of her constitutional rights by Defendants. Under these circumstances, there was not probable cause to believe that Defendant was making an "unreasonable noise" as contemplated by the disorderly conduct statute.

      *iii.*      *Defendants are not entitled to qualified immunity on Plaintiff's Colorado state-law claims.*

Even if the Court grants Defendants' qualified immunity on Plaintiff's federal claims, Defendants are not entitled to qualified immunity (or any other sort of immunity) on Plaintiff's state claims. Under CRS 13-21-131, the statute under which Plaintiff brings her state-law claims, "[q]ualified immunity is not a defense to liability. (2)(b). Therefore, even if the Court grants qualified immunity on Plaintiff's federal claims (which it should not do), Defendants are not entitled to qualified immunity on Plaintiff's state claims.[2]

## CONCLUSION

Plaintiff has plead a complaint that adequately justifies equitable tolling and provides fair notice to the Defendants. In the light most favorable to the Plaintiff, Defendants are not entitled to qualified immunity. Therefore, the Court should deny Defendants' motion to dismiss.

---

[2] Because Plaintiff is a citizen of Florida and Defendants are, upon information and belief, citizens of Colorado, this Court would retain jurisdiction over Plaintiff's state law claims under 28 USC 1332(a)(1).

Dated: June 21, 2025

/s/ Jason M. Kosloski
Jason M. Kosloski (CO Bar # 50214)
KOSLOSKI LAW, PLLC
1401 Lawrence Street
Suite 1600
Denver, CO 80202
(720) 605-6487
jkosloski@kosloskilaw.com
*Attorney for Plaintiff Laura Voepel*

*I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).*

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **RESPONSE TO MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following via email:

W. Erik Lamphere, erik.lamphere@coloradosprings.gov
*Attorney for Defendants*

/s/ Jason Kosloski