IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No: 25-cv-506-DDD-KAS

LAURA VOEPEL,

    Plaintiff,

v.

REUBEN CREWS, COLORADO SPRINGS POLICE DEPARTMENT SERGEANT;
MATTHEW ANDERSON, COLORADO SPRINGS POLICE DEPARTMENT OFFICER;
TIMOTHY HOCKERSMITH, COLORADO SPRINGS POLICE DEPARTMENT OFFICER;
PETER MANDRY, COLORADO SPRINGS POLICE DEPARTMENT OFFICER; AND
REBECCA JOINS, COLORADO SPRINGS POLICE DEPARTMENT DETECTIVE,

    Defendants.

## UNOPPOSED MOTION FOR PROTECTIVE ORDER, TO VACATE THE DEADLINE TO FILE A SCHEDULING ORDER AND SCHEDULING CONFERENCE

Defendants, Reuben Crews, Matthew Anderson, Timothy Hockersmith, Peter Mandry and Rebecca Joines, by and through the City Attorney's Office, hereby move this Honorable Court for a stay of discovery, to vacate the deadline to submit a scheduling order and to vacate the schedule conference.

**Fed R. Civ. P. 26(c)(1) and D.C.COLO.LCivR 7.1 Certification:** Undersigned counsel has conferred in good faith with Plaintiff's counsel in an effort to resolve the dispute without Court action. Plaintiff's counsel is unopposed the relief requested in this motion.

## BACKGROUND

1. On May 20, 2025, the Court granted a joint motion (ECF No. 18) to reschedule the Scheduling Conference to July 8, 2025 at 9:30 a.m. (ECF No. 20)

2. On May 30, 2025, Defendants moved to dismiss the claims against them. (ECF No. 24) The officers asserted:

- the claims are barred by the statute of limitations;
- the allegations of the complaint violated Rule 8 of the Civil Rules of Procedure;
- they were entitled to qualified immunity; and
- Detective Joines, Officer Mandry and Officer Hockersmith did not participate in Plaintiff's arrest.

*Id.*

3. Defendants request that the Scheduling Conference and the deadline to submit a proposed Scheduling Order are vacated.

## ARGUMENT

"The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings." *Morgan v. Clements*, 12-CV-00936-REB-KMT, 2013 WL 950876, *2 (D. Colo. Mar. 12, 2013) (unpublished). However, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). Thus, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

When deciding whether to issue a protective order staying discovery, the Court should consider: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 1:02-CV-01934-LTB-PA, 2006 WL 894955, *2 (D. Colo. Mar. 30, 2006).

***(1) Plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay.***

Plaintiff does not oppose a stay of discovery. She does not oppose vacating the Scheduling Conference and attendant deadlines.

***(2) The burden on the defendants.***

Defendants have asserted qualified immunity. Qualified immunity "give[s] government officials a *right*, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery . . . .'" *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (emphasis added; citation omitted). Further, the Supreme Court established that evaluating the defense of qualified immunity is a threshold issue, and "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Siegert v. Gilley*, 500 U.S. 226, 233 (1991) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (noting that qualified immunity, if successful, protects an official both from liability and the ordinary burdens of litigation, including far-ranging discovery). Without a stay, Defendants will be deprived of their qualified immunity defense rights. *See Behrens*, 516 U.S. at 308.

Defendants have also sought dismissal based on the statute of limitations. "Statutes of limitation are enacted to promote justice, discourage unnecessary delay, and forestall prosecution

3

of stale claims." *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1096 (Colo. 1996). With these policy interests—particularly limiting the prosecution of stale claims—in mind, early determination of a limitations defense is appropriate "when the dates given in the complaint make clear that the right sued upon has been extinguished . . . ." *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980).

The second factor also favors staying discovery and vacating the deadline to submit a scheduling order.

### *(3) The convenience to the court*

Convenience to the Court weighs in favor of the stay. *See Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved"). Qualified immunity is one such issue. *See Siegert*, 500 U.S. at 233. Under these circumstances, it would be best to vacate the deadline to submit a scheduling order and to stay all discovery until the Court has ruled on Defendants' Motion to Dismiss.

### *(4) the interests of persons not parties to the civil litigation*

With respect to the fourth factor, there is no indication that a stay would affect any nonparties to this lawsuit. Therefore, the fourth factor is neutral.

### *(5) the public interest*

Finally, there is no consideration of nonparties or the public interest which weighs against issuing a stay of discovery in this case.

WHEREFORE, for the foregoing reasons, it is respectfully requested that this Honorable Court enter an order staying discovery until the resolution of Defendants' motion to dismiss the

complaint, vacating the deadline to submit a scheduling order, and vacating the scheduling conference.

Respectfully submitted this 27th day of June, 2025.

                    OFFICE OF THE CITY ATTORNEY
                    Wynetta P. Massey, City Attorney

                    */s/ W. Erik Lamphere*
                    W. Erik Lamphere, Division Chief
                    30 S. Nevada Ave., Suite 501
                    Colorado Springs, Colorado 80903
                    Telephone: (719) 385-5909
                    Facsimile: (719) 385-5535
                    erik.lamphere@coloradosprings.gov

### CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on the 27th day of June, 2025, I electronically filed the foregoing **MOTION FOR PROTECTIVE ORDER, TO VACATE THE DEADLINE TO FILE A SCHEDULING ORDER AND SCHEDULING CONFERENCE** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jason M. Kosloski (jason@kosloskilaw.com)
*Attorney for Plaintiff*

                    */s/ Eri Howard*
                    Eri Howard, Legal Secretary