IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00506-DDD-KAS

LAURA VOEPEL,

    Plaintiff,

v.

REUBEN CREWS, Colorado Springs Police Department Sergeant,
MATTHEW ANDERSON, Colorado Springs Police Department Officer,
TIMOTHY HOCKERSMITH, Colorado Springs Police Department Officer,
PETER MANDRY, Colorado Springs Police Department Officer, and
REBECCA JOINS, Colorado Springs Police Department Detective,

    Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

    This matter is before the Court on Defendants' **Unopposed Motion for Protective Order, to Vacate the Deadline to File a Scheduling Order and Scheduling Conference** [#31] (the "Motion to Stay"). Defendants jointly ask the Court to stay discovery in this case until after the District Judge has ruled on Defendants' pending Motion to Dismiss [#24].

    When exercising its discretion regarding whether to enter a stay, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:05-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

    Applying these factors, the Court first finds that the requested stay will not prejudice Plaintiff (particularly as Plaintiff is unopposed to the stay). Similarly, Defendants would be burdened with unnecessary discovery if the Motion to Dismiss [#24] were granted in full, particularly given that they assert a qualified immunity defense. Thus, these two factors weigh in favor of entry of a stay.

The third factor also weighs slightly in favor of stay, given that the Motion to Dismiss [#22] also seeks dismissal on statute of limitations grounds. Therefore, while the Court is generally disinclined to enter stays where the request is based on a pending dispositive motion asserted solely under Fed. R. Civ. P. 12(b)(6), the statute of limitations argument warrants a stay in this instance.

The fourth factor is neutral, as there are no identified non-parties who will be prejudiced by the imposition of a stay of discovery. Finally, the Court finds that the public's interest, in this instance, is not averse to a stay. *See* Fed. R. Civ. P. 1 (stating that securing the "inexpensive determination of every action" is one goal of the courts). Weighing the relevant factors, the Court concludes that staying discovery pending resolution of Defendants' Motion to Dismiss [#24] is appropriate.

IT IS HEREBY **ORDERED** that the Motion to Stay [#31] is **GRANTED**. All discovery is **STAYED** pending resolution of the Motion to Dismiss [#24].

IT IS FURTHER **ORDERED** that the Scheduling Conference set for July 8, 2025, at 9:30 a.m. is **VACATED**, as is the July 1, 2025 deadline by which to file a proposed scheduling order.

IT IS FURTHER **ORDERED** that, within five business days of any order denying the Motion to Dismiss [#24] in whole or in part, the parties shall file a motion to reset the Scheduling Conference.

Dated: July 1, 2025