IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No: 25-cv-506-DDD-KAS

LAURA VOEPEL,

    Plaintiff,

v.

REUBEN CREWS, COLORADO SPRINGS POLICE DEPARTMENT SERGEANT; MATTHEW ANDERSON, COLORADO SPRINGS POLICE DEPARTMENT OFFICER; TIMOTHY HOCKERSMITH, COLORADO SPRINGS POLICE DEPARTMENT OFFICER; PETER MANDRY, COLORADO SPRINGS POLICE DEPARTMENT OFFICER; AND REBECCA JOINS, COLORADO SPRINGS POLICE DEPARTMENT DETECTIVE,

    Defendants.

**REPLY TO RESPONSE TO MOTION TO DISMISS**

Defendants, Reuben Crews, Matthew Anderson, Timothy Hockersmith, Peter Mandry and Rebecca Joines, hereby reply to the response to the motion to dismiss the complaint and state in support as follows:

**I.    The Limitations Period has Expired and Plaintiff is Not Entitled to Tolling**

On one hand, Plaintiff declines to argue in her Response that she was incompetent for purposes of Colorado state law and C.R.S. § 25.5-10-237(2). On the other, she claims her incompetence was sufficient to equitability toll the statute of limitations as an extraordinary circumstance. Her positions cannot be squared. Because her incompetency finding is insufficient for statutory tolling, it is insufficient for equitable tolling.

Plaintiff does not contend her "Major Depressive Disorder, Posttraumatic Stress Disorder, and Unspecified Anxiety Disorder" qualifies as a disability under C.R.S. § 25.5-10-202(26)(a). Nor does she contend she was diagnosed with these conditions before she was twenty-two years of age or a Community Centered Board made the determination. C.R.S. § 25.5-10-202(26)(a), (b). Rather, her sole argument is that she was found to be incompetent during her criminal prosecution.

"Importantly, the doctrine of equitable tolling is disfavored and requires an extraordinary situation that prevents a plaintiff from filing on time." *Brown v. Walker Com., Inc.*, 521 P.3d 1014, 1021–22 (Colo. 2022). Consequently, "[e]quitable tolling is a doctrine applied sparingly." *Grays v. Munn*, No. 1:22-CV-00926-SKC-KAS, 2024 WL 2302661, at *3 (D. Colo. May 21, 2024). A claim of equitable tolling under the extraordinary circumstances exception requires "*truly* extraordinary circumstances." *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1099 (Colo. 1996) (emphasis added). In fact, "since stating in *Dean Witter Reynolds* that extraordinary circumstances may toll the statute of limitations, [the Colorado Supreme Court] has never found such circumstances to exist." *Brodeur v. Am. Home Assur. Co.*, 169 P.3d 139, 150 (Colo. 2007).

The Response argues the circumstances surrounding Plaintiff's incompetency finding were extraordinary because she "lacked capacity to make reasoned decisions about her case, continued to be extremely unlikely to be capable of testifying relevantly on her own behalf, and remained extremely likely to behave inappropriately and be disruptive in court . . . ." ECF No. 28 at 5 (cleaned up). The argument states, in conclusion, that Plaintiff's incapacity was unlikely to be restored. *Id.* at 6 (Plaintiff lacked "capacity to make reasoned decisions about her case with *no substantial probability that she could be restored to competency in the foreseeable future*." (cleaned up; emphasis added)). The "foreseeable future" lasted less than three months. *Compare*

2

ECF No. 1 filed February 17, 2025 *with id.* at ¶ 40(d) (a finding on November 22, 2024 that competency was unlikely to be restored).

The Response does not explain what "'extraordinary circumstances' make it impossible for the plaintiff to file . . . her claims within the statutory period." *Brodeur*, 169 P.3d at 149; *see also Driscoll v. City & Cnty. of Denver*, No. 21-CV-02866-PAB-NRN, 2024 WL 4346356 (D. Colo. Sept. 30, 2024) (finding the inability to timely identify an officer during 2020 police protests "miss[ed] the point" and to show extraordinary circumstances, a plaintiff is required to identify "circumstances that prevented [him or her] from accessing the courts, such as the courthouse being closed due to war."). Nor does she explain what diligent efforts she made at any point during the limitations period. *Id.* ("[A]n equitable tolling of the statute of limitations is limited to situations in which . . . truly extraordinary circumstances prevented the plaintiff from filing his or her claim *despite diligent efforts*." (emphasis added)). First, nothing explains Plaintiff's inability to file suit between November 20, 2022 and July 14, 2023, the date of the first competency finding, assuming *arguendo*, that the finding carries significance. Second, filing of the instant action was delayed until the criminal action concluded. *See* ECF No. 1 at 9, ¶ 41 (noting "Ms. Voepel's criminal case was not dismissed until after the statute of limitations passed . . . ."). "Colorado courts have repeatedly found no extraordinary circumstances where plaintiffs wait to file their claims because they are awaiting judicial outcomes in related cases." *Dragoman v. Midwest Hose & Specialty, Inc.*, No. 19-CV-01581-RBJ, 2020 WL 7043864, at *4 (D. Colo. Dec. 1, 2020) (collecting cases). Because Plaintiff does not explain how she was prevented from filing suit and what diligent efforts she made, she falls short of demonstrating extraordinary circumstances for purposes of equitable tolling.

*Graham v. Teller Cnty.*, 632 F. App'x 461(10th Cir. 2015) is instructive, if not conclusive. There, Mr. Graham argued his post-traumatic stress disorder, personality disorder, sleeplessness and depression merited tolling as extraordinary circumstances. *Id.* at 464-65. Plaintiff identifies many of the same diagnoses. *See* ECF No. 1 at 8, ¶ 40(a). The *Graham* Court declined to find extraordinary circumstances. This Court should too. The two-year limitations period expired. The suit is untimely and should be dismissed.

## II.   The Complaint Does Not Comply with Rule 8

"Rule 8 does not empower [a plaintiff] to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (Colo. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

"[C]omplaints in § 1983 cases against individual government actors pose a greater likelihood of failures in notice and plausibility because they typically include complex claims against multiple defendants." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008). Determining an entitlement to qualified immunity becomes impossible when the grounds on which a plaintiff is entitled to relief are not made clear. *Id.*

Here, the allegations are vague. Plaintiff alleges Officer Anderson searched her residence without a warrant or consent and little more. The search is described without detail. Absent is any information related to the contents which were searched. It does not describe the locations and items searched and how long the search lasted. It makes no allegations that items were seized. The allegations do not rule out innocent conduct. The officers may have secured the premises as they awaited a court-issued search warrant. *See United States v. Elmore*, 101 F.4th 1210, 1217 (10th

4

Cir. 2024). The search may have been limited. *See Walker v. City of Orem*, 451 F.3d 1139, 1150 (10th Cir. 2006).

The allegations are also speculative. The complaint concludes Sergeant Crews and Officer Hockersmith knew they lacked permission to be inside the home but does not explain how they knew. The complaint alleges chronologically: (1) Plaintiff told Officers Anderson, Mandry and Joines that consent to remain within the house was revoked. ECF No. 1 at 5, ¶ 22; (2) Sometime thereafter, Sergeant Crews arrived on scene. *Id.* at 5, ¶ 23. And concludes, (3) Sergeant Crews "was aware that he did not have permission to be inside Ms. Voepel's home" but remained. *Id.*

Similarly, the complaint alleges: (1) Officer Hockersmith arrived; (2) He knew no warrant had been issued to search the house or seize Plaintiff; (3) Plaintiff revoked all consent; (4) He, nevertheless, entered and assisted other officers. *Id.* at 6, ¶ 25. The complaint fails to allege predicate facts to support an inference of Officer Hockersmith's awareness of prior events.

The assertions amount to alleging the sheer possibility of unlawful conduct. They are insufficient. *See Iqbal*, 556 U.S. at 678 ("The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level."). The complaint should be dismissed for failure to allege plausible claims under Rule 8.

### III. The Arrest and Retaliation Claims Should be Dismissed against Det. Joines, and Officers Mandry and Hockersmith

The Response does not contest that Detective Joines, Officer Mandry and Officer Hockersmith were not participants in Plaintiff's arrest. The unlawful arrest and retaliation claims

5

should be dismissed against them. *See Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996) ("To prevail on a claim for damages for a constitutional violation pursuant to 42 U.S.C. § 1983, a plaintiff must establish the defendant acted under color of state law and caused or contributed to the alleged violation.").

   IV.   **The Court May Consider Materials Outside of the Complaint**

In deciding a motion to dismiss, a court may consider: "(1) documents that the complaint incorporates by reference; (2) documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity; and (3) matters of which a court may take judicial notice[.]" *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (internal citations omitted). The search warrant is subject to judicial notice. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (taking judicial notice of public records); *Cline v. Seal*, No. 22-CV-4009-JAR-TJJ, 2023 WL 2375108, at *6 n. 51 (D. Kan. Mar. 6, 2023) (taking judicial notice of search warrant); *Garcia-Rodriguez v. Gomm*, 169 F. Supp. 3d 1221, 1229 n.5 (D. Utah 2016) (same). The body-worn camera footage is part of the criminal proceeding referenced in the complaint. ECF No. 1 at 7-8, ¶ 40. Plaintiff does not dispute the authenticity of the video. The warrant affidavit and video footage should be considered.

   V.   **The Officers Are Entitled to Qualified Immunity**

The footage shows that officers did not conduct a search as alleged in the complaint. Officers, instead, secured the residence pending judicial approval of a search warrant. They engaged in a constitutionally acceptable practice.

The search warrant reflects, *inter alia*, that surveillance video captured Plaintiff's son exiting a vehicle, entering a bar with an assault rifle, and firing it "indiscriminately"; the vehicle was registered to Anderson Aldrich ("Aldrich") and contained, in plain view, a cartridge for an

6

AR-15 style rifle; Aldrich admitting at a hospital after the shooting to being "sorry" and having been awake for four days before the shooting; Aldrich potentially lived with Plaintiff at the residence; and Plaintiff stated to officers that the shooter was supposed to go to a movie with Plaintiff, but left for a 15-minute errand at 10 pm with Plaintiff's phone and never returned; the shooter only owned a pocketknife; and Plaintiff claimed she was making recordings of officers at the apartment. ECF No. 24-1. Probable cause "requires only a probability or substantial chance of criminal activity, rather than an actual showing of such activity." *New York v. P.J. Video, Inc.*, 475 U.S. 868, 877-78 (1986) (internal quotation marks omitted). The search warrant reflects the officers had probable cause to search the apartment.

Officers lawfully secured the premises while awaiting the issuance of a search warrant. *Segura v. United States*, 468 U.S. 796, 806 (1984). They balanced governmental interests with Plaintiff's interests in the residence. The apartment was Aldrich's residence at the time. Plaintiff was the mother of the shooter. She offered inaccurate information about the shooter's access to weapons. Police were aware that the vehicle used by Aldrich contained evidence. The vehicle was presumably used to leave the residence earlier, according to Plaintiff's version of prior events. Plaintiff suggested she was recording officers, indicating that Aldrich's earlier departure may have been captured on a recording device as well.

The Response does not identify materially similar circumstances where a court found officers did not have probable cause to secure and, later, search the residence with a court-authorized warrant. The officers did not violate clearly established law.

The Response does not challenge that an adjacent neighbor in a population-dense apartment complex complained after Plaintiff continually yelled outside in the pre-dawn early morning hours. Probable cause "is not a high bar: It requires only the kind of fair probability on

7

which reasonable and prudent people, not legal technicians, act." *Kaley v. United States*, 571 U.S. 320, 338 (2014) (cleaned up). Officers had a "fair probability" that Plaintiff violated C.R.S. § 18-9-106 and committed disorderly conduct. *See People v. Fitzgerald*, 573 P.2d 100, 103 (1978) ("The determination of disorderly conduct necessarily varies according to the time, location and decibel level of such conduct."). Officers also had probable cause to arrest Plaintiff for disorderly conduct. Plaintiff's unlawful arrest and retaliation claims should be dismissed.

The Response does not identify decisional law which puts the "constitutional question beyond debate." *Ashcroft*, 563 U.S. at 741. Plaintiff has not shouldered her burden to identify factually correspondent decisional law which advises the officers that, under the circumstances they faced, Plaintiff could not be arrested for disorderly conduct. *See Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 6 (2021). Accordingly, the officers are entitled to qualified immunity.

WHEREFORE, for the foregoing reasons, Defendants respectfully request that this Honorable Court enter an order dismissing the Complaint with prejudice, and for any other relief this Court deems appropriate.

Respectfully submitted this <u>7th</u> day of <u>July</u>, 2025.

OFFICE OF THE CITY ATTORNEY
Marc Smith, Acting City Attorney


*/s/ W. Erik Lamphere*
W. Erik Lamphere, Division Chief
30 S. Nevada Ave., Suite 501
Colorado Springs, Colorado 80903
Telephone: (719) 385-5909
Facsimile: (719) 385-5535
erik.lamphere@coloradosprings.gov
*Attorneys for Defendants*

8

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on the 7th day of July, 2025, I electronically filed the foregoing **REPLY TO RESPONSE TO MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following via email:

Jason M. Kosloski (jkosloski@kosloskilaw.com)
*Attorney for Plaintiff*

/s/ Eri Howard
Eri Howard, Legal Secretary